**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | | |
|---|---|---|
| JAMAINE GAITOR, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | Civil Action No. 21-CV-12079-AK |
| v. | ) | |
| | ) | |
| CITY OF BOSTON, | ) | |
| TALIA WRIGHT-RIVERA, and | ) | |
| WASCAR CASTILLO, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | | |
| SEAN D. PITTS, | ) | |
| | ) | |
| Plaintiff, | ) | Related Action |
| | ) | Civil Action No. 21-CV-12091-AK |
| v. | ) | |
| | ) | |
| CITY OF BOSTON, | ) | |
| TALIA WRIGHT-RIVERA, and | ) | |
| WASCAR CASTILLO, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | | |
| STEPHEN D. POWELL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Related Action |
| | ) | Civil Action No. 21-CV-12093-AK |
| v. | ) | |
| | ) | |
| CITY OF BOSTON, | ) | |
| TALIA WRIGHT-RIVERA, and | ) | |
| WASCAR CASTILLO, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER ON DEFENDANTS' MOTION FOR DIRECTED VERDICT

**ANGEL KELLEY, D.J.**

Before the Court is Defendants' Motion for Directed Verdict [Dkt. 351], properly made following the close of the Plaintiffs' case-in-chief. Although Defendants' moved for a directed verdict under Fed. R. Civ. P. 50(a) on the claims of racial disparate impact, age-based hostile work environment, retaliation, and whistleblower retaliation, the Motion only provides arguments as to the claims of racial disparate impact and age-based hostile work environment.

The Court may enter a verdict on behalf of the moving party when the non-moving party "has been fully heard on an issue during a jury trial and the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the [non-moving] party on that issue . . . ." Fed. R. Civ. P. 50(a)(1). "A directed verdict is proper when the evidence leads to but one conclusion. The evidence and all reasonable inferences which may be drawn therefrom must be construed in the light most favorable to the nonmoving party. The trial court is not free to make credibility determinations or to weigh the evidence." Jordan-Milton Mach., Inc. v. F/V Teresa Marie, II, 978 F.2d 32, 34 (1st Cir. 1992) (citations omitted).

As an initial matter, the Defendants' failed to offer any argument as to the claims of retaliation and whistleblower retaliation. Sufficient evidence existed that a reasonable jury could have had a sufficient evidentiary basis as to those claims.

Turning to the other claims, the racial disparate impact claim employs a burden-shifting framework and "[t]he ultimate burden of persuasion always remains on the plaintiff." Cham v. Station Operators, Inc., 685 F.3d 87, 94 (1st Cir. 2012). The plaintiffs first must establish a prima facie claim of discrimination by (1) identifying a specific employment practice, (2) demonstrating a disparate impact on a group based on race, and (3) demonstrating a causal

relationship between the practice and the impact.  Id. at 93; E.E.O.C. v. S.S. Clerks Union, Loc. 1066, 48 F.3d 594, 601 (1st Cir. 1995).  Generally, this requires "a threshold showing of a significant statistical disparity and nothing more." Ricci v. DeStefano, 557 U.S. 557, 587 (2009) (citation omitted).  Once a prima facie case is established, the Defendants may rebut the claim by showing the practice is a business necessity.  Id. at 578.  If the defendant produces such evidence, "a plaintiff may still succeed by showing that the employer refuses to adopt an available alternative employment practice that has less disparate impact and serves the employer's legitimate needs."  Id. (quoting 42 U.S.C. §§ 2000e-2(k)(1)(A)(ii) and (C)).

In their Motion, Defendants claim that the Plaintiffs failed to make a prima facie case, as the identified practice, the return-to-work mandate, only applied to SOAR and thus, any disparate impact was only the result of an underlying racial disparity at SOAR.  Conversely, Plaintiffs argue that the identified practice was both the return-to-work mandate and the lack of COVID-19 protocols upon the return to work.  This was in contrast to the return-to-work timeline and protocols of the City writ large and of the other BCYF divisions more specifically.

This Court agrees that Plaintiffs have introduced evidence to (1) identify the return-to-work order and the lack of protocols as the employment practice, (2) show that SOAR employees, who were predominantly black, were impacted by this policy, and (3) SOAR employees were treated differently from employees for the City, and more specifically, employees of BCYF.  Thus, making all inferences in favor of the non-moving party, a reasonable jury would have a legally sufficient evidentiary basis to find for the Plaintiffs.

Finally, to make a claim of an age-based hostile work environment, Plaintiffs must show that the workplace was "permeated with discriminatory intimidation, ridicule, and insult [based on age] that was sufficiently severe or pervasive to alter the conditions of . . . [their] employment

and create an abusive working environment." Quiles-Quiles v. Henderson, 439 F.3d 1, 7 (1st Cir. 2006 (internal quotation marks omitted).  As identified by both Plaintiffs and Defendants, "[t]his is not, and by its nature cannot be, a mathematically precise test."  Harris v. Forklift Sys., Inc., 510 U.S. 17, 22 (1993); see also Marrero v. Goya of Puerto Rico, Inc., 304 F.3d 7, 19 (1st Cir. 2002) ("'Subject to some policing at the outer bounds,' it is for the jury to weigh those factors and decide whether the harassment was of a kind or to a degree that a reasonable person would have felt that it affected the conditions of her employment." (quoting Gorski v. N.H. Dep't of Corrections, 290 F.3d 466, 474 (1st Cir. 2002)).

While Defendants argue that Plaintiffs only introduced evidence of indifferent remarks insufficient to establish a hostile work environment, Plaintiffs claim that several witnesses testified to both general and specific disparaging, age-related comments, which infected the workplace.  Again, making all inferences in favor of the non-moving party and refraining from making credibility determinations or weighing the evidence, a reasonable jury would have a legally sufficient evidentiary basis to find for the Plaintiffs.

Thus, for the foregoing reasons, Defendants' Motion for Directed Verdict [Dkt. 351] is **DENIED**.

**SO ORDERED.**

Dated: November 7, 2025                                                        /s/ Angel Kelley
                                                                                                  Hon. Angel Kelley
                                                                                                  United States District Judge