# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| JAMAINE GAITOR, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | Civil Action No. 21-CV-12079-AK |
| v. | ) | |
| | ) | |
| CITY OF BOSTON, | ) | |
| TALIA WRIGHT-RIVERA, and | ) | |
| WASCAR CASTILLO, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| SEAN D. PITTS, | ) | |
| | ) | |
| Plaintiff, | ) | Related Action |
| | ) | Civil Action No. 21-CV-12091-AK |
| v. | ) | |
| | ) | |
| CITY OF BOSTON, | ) | |
| TALIA WRIGHT-RIVERA, and | ) | |
| WASCAR CASTILLO, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| STEPHEN D. POWELL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Related Action |
| | ) | Civil Action No. 21-CV-12093-AK |
| v. | ) | |
| | ) | |
| CITY OF BOSTON, | ) | |
| TALIA WRIGHT-RIVERA, and | ) | |
| WASCAR CASTILLO, | ) | |
| | ) | |
| Defendants. | ) | |

1

## MEMORANDUM AND ORDER ON DEFENDANTS' MOTION FOR DIRECTED VERDICT

**ANGEL KELLEY, D.J.**

Before the Court is Defendants' Motion for Directed Verdict [Dkt. 356], properly made following the close of the Defendants' case. Defendants' moved for a directed verdict under Fed. R. Civ. P. 50(a) on the claims of racial disparate impact, age-based hostile work environment, retaliation, whistleblower retaliation, aiding and abetting, and unlawful interference.

The Court may enter a verdict on behalf of the moving party when the non-moving party "has been fully heard on an issue during a jury trial and the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the [non-moving] party on that issue . . . ." Fed. R. Civ. P. 50(a)(1). "A directed verdict is proper when the evidence leads to but one conclusion. The evidence and all reasonable inferences which may be drawn therefrom must be construed in the light most favorable to the nonmoving party. The trial court is not free to make credibility determinations or to weigh the evidence." Jordan-Milton Mach., Inc. v. F/V Teresa Marie, II, 978 F.2d 32, 34 (1st Cir. 1992) (citation omitted).

As an initial matter, the Court finds a directed verdict inappropriate following the close of the Defendants' case for the same reasons it was inappropriate following the close of the Plaintiffs' case-in-chief.

Turning to the other claims, a claim for retaliation requires a showing that the Plaintiffs (1) engaged in protected conduct; (2) suffered an adverse employment action; and (3) that there was a causal connection between the protected conduct and adverse employment action. Colón-Fontánez v. Mun. of San Juan, 660 F.3d 17, 36 (1st Cir. 2011). Defendants make a general claim that Plaintiffs Gaitor and Powell offered insufficient evidence that they "suffered adverse

2

employment actions that were causally connected in any manner to protected conduct by the plaintiffs." [Dkt. 356 at 10]. Plaintiffs argue they "presented substantial evidence that they complained about age discrimination and were treated adversely as a result." [Dkt. 357 at 6]. Without commenting on the weight of evidence, sufficient testimony existed that a reasonable jury could have a legal sufficient basis to find in favor of both Gaitor and Powell, respectively.

Next, whistleblower retaliation requires a showing that: "(1) the plaintiff-employee engaged in an activity protected by the act; (2) the protected activity was the cause of an adverse employment action, such that the employment action was retaliatory; and (3) the retaliatory action caused the plaintiff damages." Edwards v. Commonwealth, 174 N.E.3d 1153, 1166 (Mass. 2021). Again, Defendants argue the Plaintiffs have failed to present evidence as to any of the three elements. Plaintiffs argue sufficient evidence exists for a reasonable jury to find in their favor and this Court agrees.

Next, an aiding and abetting claim requires the Plaintiff to show three elements: "(1) that the defendant committed 'a wholly individual and distinct wrong . . . separate and distinct from the claim in main'; (2) 'that the aider or abetter shared an intent to discriminate not unlike that of the alleged principal offender'; and (3) that 'the aider or abetter knew of his or her supporting role in an enterprise designed to deprive [the plaintiff] of a right guaranteed him or her under G.L. c. 151B.'" Lopez v. Commonwealth, 978 N.E.2d 67, 82 (Mass. 2012) (quoting Harmon v. Malden Hosp., 19 Mass. Discrimination L. Rep. 157, 158 (1997)). Defendants claim that Plaintiffs have failed to offer evidence that Castillo committed a distinct wrong or that he shared intent to discriminate. Plaintiffs argue that testimony and documentary evidence, including as to the timing of Mr. Castillo's conversation with Gaitor and Gaitor's subsequent termination, offers sufficient evidence to support a verdict in Gaitor's favor. Again, without making any credibility

determination and assuming all inferences in the non-moving party's favor, a reasonable jury could have a legal sufficient basis to find in favor of Gaitor.

Finally, a claim for interference makes it unlawful "to coerce, intimidate, threaten, or interfere with another person in the exercise or enjoyment of any right granted or protected by [M.G.L. c. 151B], or to coerce, intimidate, threaten or interfere with such other person for having aided or encouraged any other person in the exercise or enjoyment of any such right granted or protected by [M.G.L. c. 151B]." Coogan v. FMR, LLC, 264 F. Supp. 3d 296, 309 (D. Mass. 2017) (quoting MASS. GEN. LAWS ch. 151B, § 4(4A)). "Among the rights protected by G.L. c. 151B is the right to be free from discrimination in the terms, conditions, and privileges of employment . . . ." Lopez, 978 N.E.2d at 78. Defendants claim that Plaintiffs have failed to offer evidence that any of the Defendants intentionally discriminated against Gaitor or interfered with his rights as protected by the statue. For a final time, without making any credibility determination and assuming all inferences in the non-moving party's favor, a reasonable jury could have a legal sufficient basis to find in favor of Gaitor based on the evidence in the record.

Thus, for the foregoing reasons, Defendants' Motion for Directed Verdict [Dkt. 356] is **DENIED**.

      **SO ORDERED.**

Dated: November 7, 2025                                        /s/ Angel Kelley
                                                                               Hon. Angel Kelley
                                                                               United States District Judge